SH

WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Nathaniel Turner, Jr.,

Plaintiff,

v.

Unknown Willson, et al.,

Defendants.

No.  CV 19-01587-PHX-JAT (JZB)

**ORDER**

Plaintiff Nathaniel Turner, Jr., who is currently confined in Arizona State Prison Complex-Florence, Browning Unit in Florence, Arizona, brought this civil rights case pursuant to 42 U.S.C. § 1983.  (Doc. 1.)  Defendant Willson moves for summary judgment.  (Doc. 26.)  Although Plaintiff was advised of his right and obligation to respond, Plaintiff did not respond to the Motion for Summary Judgment or seek an extension of the response deadline, and the time to do so has expired.[1]

The Court will dismiss the action for failure to prosecute, deny the Motion for Summary Judgment as moot, and terminate the action without prejudice.

**I.     Background**

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a conditions-of-confinement claim against Defendant Sgt. Willson and directed Defendant

---

[1] The Court provided notice to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc), regarding the requirements of a response.  (Doc. 28.)

Willson to answer.  (Doc. 8.)  The Court dismissed the remaining claims and Defendants.  (*Id.*)

## II.    Failure to Prosecute

On May 21, 2020, Defendant Willson filed the pending Motion for Summary Judgment.  (Doc. 26.)  That same day, the Court issued an Order with the Notice required under *Rand v. Rowland*, 154 F.3d 951, 962 (9th Cir. 1998) (en banc), which informed Plaintiff of his obligation to respond to Defendant's Motion for Summary Judgment within 30 days and the requirements of a response under Federal Rule of Civil Procedure 56.  (Doc. 28.)  That Order was returned as undeliverable and unable to forward on June 9, June 18, and July 1, 2020.  (Docs. 29, 30, 31.)  Several other Orders, including the Scheduling Order, have also been returned as undeliverable.  (Docs. 11, 18, 24, 25.)  To date, Plaintiff has not responded to the Motion for Summary Judgment, and he has not filed anything in this case since August 15, 2019.

Plaintiff has the general duty to prosecute this case.  *Fid. Philadelphia Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion.  This Court does not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."  *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam).  If the Court were to order Plaintiff to show cause why dismissal was not warranted, the Order "would only find itself taking a round trip through the United States mail."  *Id.*

It is well established that under Rule 41(b) of the Federal Rules of Civil Procedure, a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (a district court has the inherent power to dismiss a case sua sponte for failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of

the court); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (a district court may dismiss an action for failure to comply with a local rule).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure to keep the Court informed of his address and to comply with the Court's Orders prevents the case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative is available.  Without Plaintiff's current address, however, certain alternatives are bound to be futile.

The Court finds that only one less drastic sanction is realistically available.  Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise."  In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh.  The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Defendant's Motion for Summary Judgment will be denied as moot.

**IT IS ORDERED:**

(1)    The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion for Summary Judgment (Doc. 26).

(2)     The Complaint (Doc. 1) and this action are **dismissed without prejudice** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The Clerk of Court must enter judgment accordingly.

(3)     Defendant Willson's Motion for Summary Judgment (Doc. 26) is **denied as moot**.

Dated this 3rd day of August, 2020.

James A. Teilborg
Senior United States District Judge